# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LEON THOMAS JACKSON, <br><br> Defendant. | Criminal No. 16-05-05 (JDB) |

## MEMORANDUM OPINION

In November 2016, defendant Leon Jackson pleaded guilty to charges of conspiracy to distribute and to possess with intent to distribute narcotics, see 21 U.S.C. §§ 841, 846, and conspiracy to commit wire fraud, see 18 U.S.C. §§ 371, 1343. See Def.'s Plea Agreement [ECF No. 128] at 1. Two months later, the Court sentenced defendant to fifty-six months' imprisonment followed by forty-eight months' supervised release. See Judgment [ECF No. 163]. Now, in a pro se "Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement," defendant asks the Court to recommend that the Bureau of Prisons ("BOP" or "Bureau") allow him to serve the final twelve months of his sentence in a residential reentry center ("RRC" or "halfway house"). See Def.'s Mot. [ECF No. 194] at 1. The government opposes the motion, see Gov't's Opp'n [ECF No. 200], and, for the reasons that follow, the Court will deny it.

18 U.S.C. § 3621(b) provides that the BOP "shall designate the place of . . . imprisonment" of a person committed to its custody. Though a sentencing court may "recommend[]" a particular "type of penal or correctional facility," such a recommendation has "no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of [any] person." Id. Moreover, once a court has imposed a term of imprisonment, it "may not modify [that] term of imprisonment" except in certain limited circumstances. 18 U.S.C. § 3582(c) (authorizing

modification only (1) on the BOP's motion; (2) where the original sentence was imposed pursuant to a U.S. Sentencing Guideline whose sentencing range has since been reduced; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"); see Fed. R. Crim. P. 35(a) (allowing a sentencing court to correct an "arithmetical, technical, or other clear error" within fourteen days after sentencing).

Defendant does not contend that any of the three circumstances listed in § 3582(c) applies to his request for a recommendation of halfway-house placement. Rather, he argues that because he seeks only a "change [in] the place of [his] incarceration," he does not seek to "modify" his sentence, and so § 3582(c) does not apply.[1] See Def.'s Mot. at 2. The government's opposition does not directly address this argument; instead, it argues that the court lacks the authority to issue the requested recommendation because "[c]learly, none of [the] circumstances [listed in § 3582(c)] applies." Gov't's Opp'n at 2–3. Moreover, as to the merits of defendant's request, the government contends: "[D]efendant has shown no reason why he should be considered the rare prisoner who should receive twelve months in a halfway house. The defendant pled guilty to a serious drug offense, and he also pled guilty for []his role in a real estate fraud scheme. These are serious offenses, and he received an appropriate sentence . . . ." Id. at 3–4.

As to the Court's authority to grant defendant's request, the Court finds defendant's argument persuasive. Section 3621 makes clear that a sentencing court may only recommend that a defendant be imprisoned in a particular type of facility; it has no power to order such a placement. See 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no

---

[1] Defendant's motion was filed pro se, and the Court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."). Because such a recommendation would be purely advisory, it would not be a "modification" of defendant's "term of imprisonment" within the meaning of § 3582(c).[2] Moreover, § 3621(b) directs the BOP to consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility"—not just a statement made prior to or during sentencing. (emphasis added) This suggests that the Court may issue recommendations regarding defendant's placement even now, several months after sentencing.

Nonetheless, the government is correct that defendant has failed to demonstrate that he is "the rare prisoner who should receive twelve months in a halfway house." Gov't's Opp'n at 4; see United States v. Gutierrez, 1:11-CR-00354 LJO, 2016 WL 7404688, at *5 & n. 3 (E.D. Cal. Dec. 21, 2016) (denying a post-sentencing request for a recommendation of halfway-house placement not because the court lacked the authority to grant the request, but rather because the defendant had failed to show that the requested placement was "factually justified"). Defendant asserts that his age, lack of financial resources, and limited job skills suggest that without placement in a halfway house, he is likely to reoffend. Def.'s Mot. at 2–3. But this assertion is inconsistent with his January 2017 sentencing memorandum, in which he represented that his "strong family[] and

---

[2] Some district courts have reached the opposite conclusion, but those courts did not consider the significance under § 3582(c) of the advisory nature of a sentencing court's placement recommendation. See, e.g., McCarthy v. United States, 8:09-CR-395-T-33AEP, 2010 WL 5162025, at *10 (M.D. Fla. Dec. 14, 2010) (noting that the court likely lacked the authority under § 3582(c) to issue a post-sentencing statement regarding the defendant's placement in an RRC, and that even if it possessed that authority, any such statement "would merely be a recommendation to the BOP"); United States v. Tijerina, Cr. No. C-00-260, 2008 WL 2387990, at *1 (S.D. Tex. June 9, 2008) (denying a defendant's post-sentencing motion for a recommendation of home confinement because "the decision of an offender's placement is ultimately a decision to be made by the [BOP]"). Moreover, the Court's reading of the relevant statutes explains the results in several other cases where courts have granted recommendation requests like defendant's without considering their authority to do so under § 3582(c). See United States v. Brown, 12-CR-20070, 2017 WL 2962878, at *2 (E.D. Mich. July 12, 2017); Memorandum Order, United States v. Quimby, No. 13-39 (W.D. Pa. July 13, 2016), ECF No. 70; Order, United States v. Johnson, No. 09-154-16 (N.D. Ill. June 30, 2016), ECF No. 766.

community support structures, including the ability to immediately return to work upon his release" meant that he "pose[d] little if any risk for recidivism." Def.'s Sentencing Mem. [ECF No. 154] at 9–10. Moreover, as the government notes, defendant pleaded guilty to serious offenses over a year ago and received an appropriate sentence at that time. See Gov't's Opp'n at 3–4. The Court is not inclined to reconsider its earlier sentencing decision, and it will deny defendant's motion.[3] A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: December 7, 2017

---

[3] Defendant's motion also cites the Second Chance Act of 2007, which provides (in relevant part) that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). But this statute requires only that the BOP consider halfway-house placement requests "on an individual basis," id. § 3624(c)(6), not that any particular prisoner be placed in a halfway house for any length of time. See id. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."). Defendant's motion does not claim that the BOP has failed to evaluate his placement request; indeed, it does not even state whether his request has been submitted to the BOP. See Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (holding that a defendant "may resort to federal habeas corpus to challenge a decision to limit his RRC placement" but that the defendant must first "exhaust his administrative remedies"). Thus, defendant cannot rely on the Second Chance Act for the relief he seeks.